[No. B009188. Second Dist., Div. Four. Aug. 21, 1985.]

LONG BEACH POLICE OFFICERS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
CITY OF LONG BEACH et al., Defendants and Respondents.

COUNSEL

Gerald E. Lennon and Hannon, Park, Lennon & Sarkisian for Plaintiffs and Appellants.

Robert W. Parkin, City Attorney, and Gerarde F. Imhoff, Deputy City Attorney, for Defendants and Respondents.

OPINION

**KINGSLEY, Acting P. J.**—Like all employees, public or private, the policemen and fireman herein involved are entitled, in case of injury during the course of their employment, to the equivalent of workmen's compensation which includes time off with full pay while disabled. The city also has an elaborate plan for holiday vacations, applicable on its face to all of the employees herein involved. The petitioning association of police officers claims that its members are entitled to vacation pay even though during the entire year they were on full pay because of disability. We agree with them. Previously the policemen's association, on behalf of its members, brought an action in superior court to secure the vacation rights of its disabled members. Judge Jerry Pacht rendered a judgment in favor of the association. No appeal was ever taken and that judgment has long since become final.

The parties, in their briefs, evidenced some confusion between judgments of this court and of the Supreme Court which declare the law and are bind-

ing on everyone whether or not a party to a particular lawsuit; res judicata is binding on the parties to the action but not otherwise.  ■  In this case we conclude that the Pacht judgment, being in a class action, is binding between all members of the policemen's union (on whose behalf it was prosecuted) and the City of Long Beach. It follows that the present petition should have been granted and that all members of the police association are entitled to vacation rights whether or not receiving disability pay.

The Long Beach situation is complicated by the fact that the firemen's association brought a similar superior court action before a different judge and lost. By the same reasoning, as applies to the policemen's lawsuit, that judgment, also not appealed from, deprives all firemen of vacation rights if they are on disability pay.

It is urged on us that the policemen's judgment was not appealed from because the city regarded appeal as too costly and the city had reached an informal agreement with the officers of the policemen's union to negotiate vacation pay, which agreement was never carried out. The reasons for the city's nonappeal are immaterial. A party receiving an adverse judgment who allows it to become final is bound by it, whatever his reasons for nonappealing.

The results of the policemen's and of the firemen's lawsuits leaves the city in the impossible position of having to recognize vacation rights for policemen, but not to recognize such rights for firemen similarly situated. We are powerless to resolve this conflict and can only hope that the union officials and the city will carry out their earlier informal agreement and bargain in good faith over a rule on vacation pay for all disabled employees. Such an agreement, carried into the memorandum of understanding, would, of course, supersede the present conflicting judgment.

In the meantime, the judgment, adverse to the policemen's association, herein appealed from is reversed.

McClosky, J., and Ringer, J.,* concurred.

A petition for a rehearing was denied September 11, 1985.

---

*Assigned by the Chairperson of the Judicial Council.