Filed 5/18/15  330 South Fair Oaks Ave., LLC v. de la Flor CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| 330 SOUTH FAIR OAKS AVENUE, LLC, Plaintiff and Respondent, v. FRANCESCA DE LA FLOR et al., Defendants and Appellants. | B252280 (Los Angeles County Super. Ct. No. GC045468) |

APPEAL from the judgment and orders of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Affirmed.

Marc Epstein, A Professional Corporation and Marc Epstein; Law Offices of Jeffrey B. Ellis and Jeffrey B. Ellis for Defendants and Appellants.

Carlson & Nicholas, Scott W. Carlson and Richard A. McDonald for Plaintiff and Respondent.

## I.  INTRODUCTION

Defendants, Francesca de la Flor, Rene G. Van Sauter, Tatiana Van Sauter, Antiques Off Fair Oaks, LLC, Rio Delux Audio, LLC, and Oak Knoll Meadows Farm, Inc., appeal from a judgment and attorney's fees order.  Ms. de la Flor formed Antiques Off Fair Oaks, LLC, Rio Deluxe Audio, LLC and Oak Knoll Meadows Farm, Inc. between June 14 and 28, 2010.  The companies are all alter egos of Ms. de la Flor.

Plaintiff, 330 South Fair Oaks Avenue, LLC, and its predecessor, LoConte Partners, LLC, sued defendants for breaching a lease and fraudulent conveyance. Defendants filed a third amended cross-complaint.  Defendants argued LoConte Partners, LLC had refused to accept Ms. de la Flor's exercise of a second option and thus had waived any rights to enforce the lease.  Plaintiff demurred, arguing the issue of the exercise of the second option had been decided in a previous action between LoConte Partners, LLC and Ms. de la Flor.  Plaintiff's demurrer was sustained on res judicata grounds.  Plaintiff argued that in the prior action, it had been conclusively determined Ms. de la Flor had exercised the second option.

Plaintiff filed a motion in limine to preclude defendants from introducing any evidence that Ms. de la Flor did not exercise the second option on the lease.  Judge William D. Stewart granted plaintiff's in limine motion.  During trial, Judge Stewart also limited the admission of several exhibits intended by defendants to show LoConte Partners, LLC had terminated the lease.  Judge Stewart found in favor of plaintiff and against defendants as to all causes of action.  Plaintiff's subsequently filed attorney fees motion was granted.  We affirm the orders, rulings and judgment.

## II. BACKGROUND

### A. Prior Action

#### 1. Factual Background and First Amended Complaint

On July 22, 1997, Ms. de la Flor and Roy Aldridge entered into a five-year lease with Takashi and Sachi Nakada regarding commercial property located at 330 South Fair Oaks Avenue in Pasadena. The lease states in pertinent part: "Lessor hereby grants to Lessee three (3) separate and irrevocable options to extend this lease for five (5) years each. Rent for each five (5) year option shall be based on 95% of market value. [¶] Lessee shall notify Lessor in writing of Lessee's intention to extend the lease ninety (90) days prior to the expiration of the primary lease term and each successive option as exercised by Lessee." It is undisputed Ms. de la Flor and Mr. Aldridge exercised the first option. The Nakadas assigned the lease to LoConte Partners, LLC on December 26, 2006. LoConte Partners, LLC assigned the lease to plaintiff on February 4, 2011.

Meanwhile, on November 20, 2007, Ms. de la Flor notified Dean Bloomquist, the LoConte Partners, LLC building manager, of her intent to exercise the second option under the lease. The second option applied to the period of May 21, 2008, to May 20, 2013. She wrote in the letter: "Please be advised that your tenants at 330 South Fair Oaks Avenue . . . hereby exercise the second five-year option to extend the Lease on the entire building (floor one and two). Please contact [me] to begin discussions regarding the new rent obligations during this option period."

On October 30, 2008, a managing member of LoConte Partners, LLC, Clay Frazier, and Ms. de la Flor entered into a fair market rental agreement. The parties agreed to a method for calculating the fair market value for purposes of renting the property while they resolved other disputes between them. While they were resolving their disputes, Ms. de la Flor agreed to pay 95 percent of the fair market value rent per month, $10,165.

The parties could not agree how to determine the fair market rent under the October 30, 2008 fair market rental agreement.   Eventually, a lawsuit was brought by LoConte Partners, LLC which was ultimately tried by Judge C. Edward Simpson.  On July 22, 2009, the parties stipulated that Judge Simpson could determine the fair market value under the agreement.   LoConte Partners, LLC filed a first amended complaint against Ms. de la Flor concurrently with the stipulation.   In its thirteenth cause of action, LoConte Partners, LLC sought declaratory relief of the fair market rent and the parties' rights and remedies under October 30, 2008 agreement.

## 2.  The Trial Before Judge Simpson

On May 24, 2010, before trial began, LoConte Partners, LLC dismissed without prejudice its sixth and ninth causes of action for property tax increases during the first option term.  The trial was bifurcated into two parts.  The first part addressed the thirteenth cause of action and what was the fair market value of the property during the second option period.  On May 27, 2010, Judge Simpson issued the following minute order, "The court determines fair market value of the property to be 98 cents a square foot for rent commencing on May 21, 2008."  On June 4, 2010, LoConte Partners, LLC dismissed its pending first through fifth, seventh and twelfth causes of action.  The fifth, seventh, and twelfth causes of action concerned subleasing without the written consent of LoConte Partners, LLC.  LoConte Partners, LLC dismissed all its remaining causes of action that the lease was terminated and for ejectment.

Trial resumed on August 31, 2010, on the eighth and tenth causes of action for damages regarding the consumer price index increase.  Judge Simpson also tried the eleventh cause of action for damages for failure to maintain the premises.  On September 1, 2010, Judge Simpson issued his minute order concerning the remaining causes of action.  Judge Simpson found against LoConte Partners, LLC on those remaining claims.

On October 1, 2010, Judge Simpson issued his judgment in the prior action, incorporating the foregoing minute orders.  Regarding the fair market rent, he ordered:

4

"The fair market RENT is determined to be 98 cents per square foot as of May 21, 2008. Total square footage 21,340 for a total of $19,867.54 (.98 x 21,340 = $20,913.20 x .95 = $19,867.54) for the second option period. Defendant to pay that rent to plaintiff commencing May 21, 2008." No appeal was taken from the judgment entered by Judge Simpson.

## B. Current Action

### 1. Plaintiff's Complaint and Defendants' Third Amended Cross-Complaint

On June 22, 2010, LoConte Partners, LLC filed the current action against defendants. Plaintiff filed a second amended complaint on May 26, 2011. But by this time, LoConte Partners, LLC had assigned all its rights and interests under the lease and the prior judgment to plaintiff. Starting in June 2010, plaintiff alleges Ms. de la Flor breached her current lease by failing to pay the new rent determined by Judge Simpson's judgment. Plaintiff alleges Ms. de la Flor fraudulently transferred the property to the codefendants. This was allegedly done to hinder the collection of plaintiff's claims against her. Plaintiff requests as relief: damages for the unpaid rent plus interest and late charges; that all the property transfers from Ms. de la Flor to the codefendants be declared void; punitive damages for the alleged fraudulent transfers; and costs and attorney's fees.

On March 23, 2011, defendants filed their cross-complaint. Defendants filed their third amended cross-complaint on January 30, 2012. Defendants allege eight causes of action. In their eighth cause of action, defendants seek a declaration that LoConte Partners, LLC refused Ms. de la Flor's attempt to exercise her second option on the lease. Defendants alleged, "Cross-complainant contends that Cross-defendants' refusal of her attempt [sic] exercise of the second option waived their right to enforce the option."

5

## 2. Plaintiff's Demurrer to Defendants' Third Amended Cross-Complaint

On March 1, 2012, plaintiff demurred to defendants' third amended cross-complaint. As to defendants' eighth cause of action for declaratory relief, plaintiff asserts it is barred by res judicata, mootness and judicial estoppel principles. Plaintiff argues that in the prior action, Judge Simpson found Ms. de la Flor had exercised her second option in the lease. Plaintiff contends Judge Simpson determined the fair rental value of the premises for the second option period. Plaintiff contends the judgment necessarily implied a finding that Ms. de la Flor had exercised her second option.

Defendants argue the prior action never determined whether the second option had been exercised. Defendants maintain Judge Simpson never ruled on whether Ms. de la Flor had exercised the second option. Defendants argue plaintiff's demurrer to the eighth cause of action was based on implied findings not before Judge Simpson and thus not subject to res judicata treatment.

On March 29, 2012, Judge Stewart sustained plaintiff's demurrer on all grounds. As to defendants' eighth cause of action, Judge Stewart ruled Judge Simpson's prior judgment did find Ms. de la Flor had exercised her second option. Judge Stewart sustained the demurrer without leave to amend.

## 3. Plaintiff's Motion in Limine Regarding Exercise of Second Option

On March 20, 2013, plaintiff filed a motion in limine regarding defendants' evidence for the second option. Plaintiff moved to exclude any evidence defendants presented that Ms. de la Flor did not exercise the second option in the lease. Plaintiff argued that on March 29, 2012, Judge Stewart had previously sustained plaintiff's demurrer to defendants' third amended cross-complaint which raised the very same subject. On April 22, 2013, Judge Stewart granted plaintiff's motion in limine.

4.  Admission of Evidence at Trial

Trial commenced on April 29 and concluded on May 2, 2013.  During the trial, defendants attempted to admit as evidence exhibit Nos. 201 and 203 through 206.  During trial on May 1, 2013, these exhibits were admitted for a limited purpose.  That limited purpose was to show that the lease was terminated by LoConte Partners, LLC and not extended for an additional five-year term.

5.  Judge Stewart's Statement of Decision and Judgment

Following trial, Judge Stewart issued his statement of decision and judgment on August 28, 2013.  Judge Stewart adopted all of plaintiff's 171 proposed findings.   He found against defendants on all claims.  As to the issue of whether Ms. de la Flor did exercise her second option, Judge Stewart found:  "Defendant de la Flor testified that she did not exercise the second option and that she thought that she was a holdover tenant on a month to month tenancy during the pendency of the prior lawsuit.  However, the written exercise of option that she sent on November 20, 2007 was unconditional.  Furthermore, Defendant de la Flor admitted on cross-examination that it was her position in Case No. GC041943 [the prior action] that she had exercised the option and that she had been successful on that point."

On September 9, 2013, plaintiff moved for an award of attorney's fees and costs. The motion was granted on October 25, 2013, by minute order.  Judge Stewart also granted an amendment of the judgment nunc pro tunc to include prejudgment interest.

# III.  DISCUSSION

## A.  Defendants' Contentions

Defendants challenge the following seven orders and rulings:  the March 29, 2012 order sustaining without leave to amend plaintiff's demurrer to the eighth cause of action of defendants' third amended cross-complaint;  the April 22, 2013 order granting plaintiff's motion in limine regarding defendants' second option term; Judge Stewart's order sustaining the objection to the admission into evidence of the first amended complaint from the prior action; Judge Stewart's rulings limiting the admission into evidence of exhibit Nos. 201 and 203 through 206 for the purpose of proving that the lease was terminated and not extended for an additional five-year term; the August 28, 2013 statement of decision; the August 28, 2013 judgment; and the December 4, 2013 order granting plaintiff's attorney's fees motion and motion. .

## B.  Res Judicata and Collateral Estoppel Principles Applied to Defendants' Eighth Cause of Action

Defendants contend Judge Stewart erred by sustaining plaintiff's demurrer to the eighth cause of action in the third amended cross-complaint.  As noted, Judge Stewart found Judge Simpson in the prior action had decided the issue of whether Ms. de la Flor had exercised the second option.  Judge Stewart dismissed defendants' eighth cause of action on res judicata doctrine grounds.

A demurrer tests the legal sufficiency of a pleading.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Grinzi v. San Diego Hospice Corp.* (2004) 120 Cal.App.4th 72, 78.)  We review the eighth cause of action in the third amended cross-complaint de novo to determine whether it contains sufficient facts to state a litigable claim.  (*Hill v. Miller* (1966) 64 Cal.2d 757, 759; *Grinzi v. San Diego Hospice Corp., supra*, 120 Cal.App.4th at p. 78.)  Our Supreme Court held, "We treat the demurrer as admitting all material facts

8

properly pleaded, but not contentions, deductions or conclusions of fact or law."
(*Serrano v. Priest* (1971) 5 Cal.3d 584, 591; *Czajkowski v. Haskell & White LLP* (2012) 208 Cal.App.4th 166, 173.) Declining to grant leave to amend is reviewed for an abuse of discretion. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318; *Grinzi v. San Diego Hospice Corp., supra*, 120 Cal.App.4th at p. 78.)

Issue preclusion, also known as collateral estoppel, is a type of res judicata. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341, fn. 3 (*Lucido*); *Danko v. O'Reilly* (2014) 232 Cal.App.4th 732, 749.) Our Supreme Court has held: "Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. [Citation.]" (*Lucido, supra*, 51 Cal.3d at p. 341, fn. omitted; see *Kemp Brothers Construction, Inc. v. Titan Electric Corp.* (2007) 146 Cal.App.4th 1474, 1477.) Our Supreme Court has held: "The doctrine applies 'only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.] The party asserting collateral estoppel bears the burden of establishing these requirements. [Citation.]'" (*Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal.4th 921, 943; accord *Lucido, supra*, 51 Cal.3d at p. 341.)

It is undisputed the parties are in privity, and the issue to be precluded, whether Ms. de la Flor exercised her second option, is identical. Also it is undisputed whether she did exercise her second option was an issue actually raised and litigated in the former proceeding. The October 1, 2010 judgment is final and on the merits. But defendants contend the issue of whether the second option was exercised *was never decided* in the prior lawsuit by Judge Simpson. Our Supreme Court explained the "necessarily decided" requirement: "The courts have previously required only that the issue not have been

9

'entirely unnecessary' to the judgment in the initial proceeding." (*Lucido v. Superior Court, supra*, 51 Cal.3d at p. 342; see *People v. Sims* (1982) 32 Cal.3d 468, 484-485.)

Defendants rely on the reporter's transcript of the May 24, 2010 proceedings before Judge Simpson. The discussion involved the thirteenth cause of action of LoConte Partners, LLC's complaint concerning the fair market rent figure in the lawsuit decided by Judge Simpson. The following discussion occurred: "THE COURT: How are we going to proceed in this matter? Are we going to bifurcate it and try the issue of the fair market rental value or are we going to try the entire case? . . . [¶] . . . [¶] THE COURT: But if I don't want to do want something, I don't want to have to exercise futility. If I determine, if I try the entire case and I determine what the fair market rental rate is, then do I have to decide the declaratory relief action of finding that the parties have or have not violated the lease? If they violated the lease, then the plaintiff wants me to terminate the lease? [¶] MR CARLSON [counsel for LoConte Partners, LLC]: Those issues would remain bifurcated. . . . [¶] . . . [¶] THE COURT: The court, though, is going to bifurcate the issues. The court is going to try the issue of the fair market rental rate first." However, this transcript was never presented to Judge Stewart. Rather, the May 24, 2010 reporter's transcript has been presented for the first time on appeal in a judicial notice motion. Because the May 24, 2010 reporter's transcript was not before Judge Stewart, it may not be considered by us. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2; *Chaker v. Mateo* (2012) 209 Cal.App.4th 1138, 1141, fn. 2.)

Defendants argue the transcript would explain the minute order dated May 27, 2010 in which Judge Simpson found the "fair market value [for rent] . . . to be 98 cents" per square foot. Even if the reporter's transcript are properly before us, it does not explain Judge Simpson's ruling in the October 1, 2010 judgment. The controlling issue of whether the second option had been exercised was not "entirely unnecessary" to the judgment in the prior action. Judge Simpson calculated the fair market rent for the second option period for the property and then multiplied this figure by 95 percent. Pursuant to the lease, the 95 percent rate applies when the lessees exercise their options. In the October 10, 2010 judgment, Judge Simpson ordered, "Defendant to pay that rent to

10

plaintiff commencing May 21, 2008." The second option period began May 21, 2008. Judge Simpson calculated the exact rental rate for the second option period. And Judge Simpson ordered Ms. De la Flor to pay that rent when the second option period began. Defendants argue a finding that Ms. de la Flor had exercised her second option was an inference not based on the evidence. We disagree. This finding was necessarily decided by Judge Simpson. Ms. de la Flor was ordered to pay the second option rental rate at the start of the second option period. Thus, Judge Stewart correctly sustained plaintiff's demurrer on res judicata grounds. No amendment to the eighth cause of action in the third amended cross-complaint would have ameliorated the conclusive bar of the issue preclusion defense.

Defendants also challenge Judge Stewart's order granting plaintiff's motion in limine to exclude any evidence tending to show whether Ms. de la Flor had exercised the second option. An order granting a motion in limine is reviewed for abuse of discretion. (*People v. Alvarez* (1996) 14 Cal.4th 155, 203; *Mardirossian & Associates, Inc. v. Ersoff* (2007) 153 Cal.App.4th 257, 269.) Here, no abuse of discretion occurred. Judge Stewart correctly sustained the demurrer on res judicata grounds as to the issue of whether Ms. de la Flor exercised the second option. Thus, Judge Stewart also did not err by preventing Ms. de la Flor from presenting evidence that would dispute whether she exercised the second option.

## B. Admission of Evidence and Judge Stewart's Findings

Defendants contend Judge Stewart improperly limited the admission into evidence of exhibit Nos. 201 and 203 through 206. Exhibit No. 201 is an April 21, 2008 letter from Mr. Frazier, a member of LoConte Partners, LLC, to Ms. de la Flor. Mr. Frazier informed Ms. de la Flor the lease was being terminated based upon Mr. Aldridge's assignment of his lease interest to her. Exhibit No. 203 is the first amended complaint from the prior lawsuit decided by Judge Simpson. Exhibit No. 204 is a May 19, 2008 letter from the attorney for LoConte Partners, LLC, Scott W. Carlson, to Ms. de la Flor

11

stating the lease was terminated because of Mr. Aldridge's lease assignment. Exhibit No. 205 is a May 19, 2008 letter from Mr. Carlson to Ms. de la Flor indicating the lease was terminated because she subleased portions of the building without the prior written consent of LoConte Partners, LLC. Exhibit No. 206 is a June 5, 2008 letter from Mr. Carlson to Ms. de la Flor. Mr. Carlson wrote that the lease would be terminated if Ms. de la Flor failed to make required payments for property tax increases occurring during the first option period. Defendants contend the trial court admitted the exhibits only for defendants' theory as to why Ms. de la Flor had vacated the property. However, the following discussion occurred during trial of the present lawsuit action regarding admission of the above listed exhibits: "MR. MCDONALD: Just so I'm clear, and maybe this will help expedite things, the court is admitting these for the limited purpose of allowing counsel to show how these had anything to do with why she vacated the premises? [¶] THE COURT: Yes." Defendants contend they should have been permitted to use this evidence to demonstrate how LoConte Partners, LLC had terminated the lease. Judge Stewart's rulings regarding the admission of evidence are reviewed for an abuse of discretion. (*People v. Alvarez, supra*, 14 Cal.4th at p. 203; *KB Home v. Superior Court* (2003) 112 Cal.App.4th 1076, 1083.)

Judge Stewart did not abuse his discretion by limiting the admission of the aforementioned exhibits. As previously stated, the October 1, 2010 judgment necessarily decided that Ms. de la Flor had exercised the second option. It also explicitly decided that she was to start paying the second option rental rate when that option period began. No appeal was taken from the October 1, 2010 judgment. The judgment cannot now be challenged on the grounds that LoConte Partners, LLC had terminated the lease. (*Long Beach Police Officers Assn. v. City of Long Beach* (1985) 171 Cal.App.3d 317, 319; *Carroll v. Puritan Leasing Co.* (1978) 77 Cal.App.3d 481, 489.)

Judge Stewart also independently made factual findings that Ms. de la Flor did exercise the second option. Substantial evidence supports Judge Stewart's findings. Ms. de la Flor sent written notice that she intended to exercise her second option on November 20, 2007. As previously mentioned, the lease provides the lessees were

12

granted an irrevocable option to extend the lease for an additional five years. The lease states the option is irrevocable. Once exercised by Ms. de la Flor, LoConte Partners, LLC and its successor, plaintiff, were bound by the lease for the second option term. (*Palo Alto Town & Country Village v. BBTC Co.* (1974) 11 Cal.3d 494, 502; *Warner Bros. Pictures v. Brodel* (1948) 31 Cal.2d 766, 773.)

Defendants also challenge the judgment on the fraudulent conveyance causes of action and the order granting attorney's fees. Defendants contend that if we set aside the judgment as to the exercise of second option, the fraudulent conveyance causes of action and attorney's fees order should likewise be reversed. We have affirmed the judgment regarding the exercise of the second option. Thus, the judgment on the fraudulent conveyance causes of action and attorney's fees orders are likewise affirmed. We decline to address the parties' remaining contentions.

## IV. DISPOSITION

The judgment and orders under review are affirmed. Plaintiff, 330 South Fair Oaks Avenue, LLC, is awarded its appeal costs from defendants, Francesca de la Flor, Tatiana Van Sauter, Rene G. Van Sauter, Antiques Off Fair Oaks, LLC, Rio Delux Audio, LLC and Oak Knoll Meadows Farm, LLC.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


KRIEGLER, J.

MOSK, J., Concurring


I concur.

I would add that the trial court correctly concluded that defendant de la Flor was judicially estopped from claiming she did not exercise the second option because she admitted that in the earlier case she successfully took the position she had exercised the option.


MOSK, J.

1